Good morning, Your Honor. Your Honors, I'm James A. Stanton, and I appear before the petitioner who is present in court today. I'd like to start out by noting that the petitioner is a native and national of the Philippines. He's been a lawful permanent resident for about 22 years. As the record shows, he does not have a clean criminal record. He has three serious convictions that arose during his first 11 years of residence in this country, two in California and one in Hawaii. Since then, he's been rehabilitated. He has a wife who's now a U.S. citizen, two children, and a successful business with his wife. These three convictions arose from plea agreements. The two in California were one for forgery in 11-16-94 and then in May 2-95, one for attempted burglary. That has been deemed by the immigration judge to be an aggravated felony. Then on January 21, 2001, he committed a burglary in this jurisdiction. And it's that conviction which really causes him difficulty in this case. Now, when the immigration judge heard this case on June 3, 2009, she denied his application for relief under 212-H, cancellation removal. We had moved at that time because the government asserted that he was an aggravated felon at that hearing for a continuance so we could look into whether or not he did, in fact, qualify for 212-C. So the issue before the immigration judge and the BIA, as before this court, is whether he has any relief from removal. And let me cut right to what our argument is. We believe that he's eligible for 212-C relief on his first two California convictions under St. Cyr and the applicable regulations at 12-12-3 at 8 CFR. Now, we would agree with the government that 212-C relief would not extend to that Hawaii conviction. And the third one. Sure. But so what do we do with that Hawaii conviction? We contend that the stop time rule cannot be applied retroactively. So he would be eligible for 212-C relief. We've outlined that in our brief. So we're basically arguing he can stack these convictions. Now, counsel has cited Molino for the proposition that the aggravated felony conviction really precludes relief as a matter of law. It seems to me, if you look at Molino, that that's a factor to be considered. Can you just clarify something for me? Sure. So with respect to this third conviction, you actually have to seek relief under cancellation of removal, right? That or 212-H as well. We think he would qualify under 212-H. If you buy our argument that the… Well, that's cancellation of removal, correct? No. No? No. 212-H, seven years residence. And the argument is… We argued both before the immigration judge and the board. It's your position with respect to the third conviction that he's entitled to 212-C relief? No. I don't think we can go that far. I think the case law is clear on that. But he can get relief for the two California convictions. And then he needs to find additional relief for his Hawaii conviction. Well, that's just what I'm trying to understand. What is the provision there? I think he can get cancellation of removal under 212-H. That's just what I asked. I thought that's what I asked. I'm sorry. I misunderstood you, sir. So we believe you can stack this relief. Well, I don't understand. How can he get relief under 212-H in view of the fact that it's an aggravated felony bar? Well, as I understand what Molina was saying is that first we get a waiver of the aggravated felony. Now, the government argues it's still there. We believe that the immigration judge, in evaluating the waiver, has the discretion to take the fact that he's been rehabilitated and other factors into consideration. So the immigration judge is not precluded from denying him relief under 212-H for cancellation simply because he had a prior aggravated felony. He got a waiver for that. If he can get a waiver for that, then that's a factor to be taken in by the immigration judge. Well, where does it say you can waive the aggravated felony bar? For 212-H. We would argue that the aggravated felony is – well, first, he would qualify for CUCLC for those two convictions. Right. We understand that argument. So he has his waiver. Now, the government argues that the conviction is still there. What we're saying is that it seems to us that the case law is suggesting that that's a discretionary factor to take into consideration. It's not absolute. He's not absolutely barred. So when the IJ is looking at 212-C relief, he can go back and look at the waiver under – I mean, at 212-H, he can go back and look at the waiver under 212-C and consider that in deciding whether or not to waive the – Correct. As the Court said in Molino, the blemish remains on his record to be considered when it, again, gives the Attorney General a cause to examine. Didn't we specifically address all of this in a case called Becker v. Gonzalez? I think the Court has – I don't believe that case favors my case, Your Honor. Yeah, I would agree. Did that foreclose your argument here this morning? No, I think the case should be remanded to the immigration judge. He should have the opportunity to apply for 212-C relief. There's other avenues that he would have. His wife is now a U.S. citizen. That wasn't the case at the time that this case started. So an adjustment application and a – Isn't the aggravated felony an absolute bar? Well, it's – As we see the situation, he gets a waiver for that 212-C first. No, forget the 212-C. I think it's Becker that said that it can waive it for 212-C, but still the bar remains, and it's an aggravated felony bar, and that's the end as far as 212-H is concerned. Well, I would hope not, Judge. It seems to me that the conviction is still there, and the immigration judge would have some discretion to consider that. So in summary, we're arguing that he has eligible 212-C for the California convictions and either 212-H or cancellation for his Hawaii conviction.  Thank you. Thank you. May it please the Court. John Folt for the Attorney General. Judge Ronhard, you're exactly right. There's the bar, the aggravated felony bar in 1995. It precludes eligibility for cancellation of removal and for a 212-H waiver. Judge Paez, you're exactly right. The 2001 conviction is problematic as Petitioner concedes for his – any other relief. ARERA in 1996-97 repealed 2000 – appealed to 212-C relief, and more importantly, the regulation specifically says for an offense committed after 1997, it's unavailable. So Petitioner can't avail himself of either a waiver under 212-H because of the aggravated felony, and he can't avail himself of relief under 212-C because of his 2001 offense. The important ideas to keep in mind we would respectfully submit to the Court are, first of all, that the aggravated felony provision does operate retroactively. Congress unambiguously instructed the retroactive application of aggravated felonies. Section 321-B, 321-C of ARERA established that. The Supreme Court in San Sierra has addressed that. This Court has addressed that the aggravated felony applies retroactively. So this 2005 conviction operates to preclude any relief in terms of 2000-212-H and cancellation of removal. Is it impermissibly retroactive? In terms of violation of due process, we would respectfully submit not. The question there is whether there's a rational basis for the legislation. The courts, the 1st, 2nd, I think the 9th and the 10th circuits, the 1st, 2nd, 8th and 11th circuits have specifically addressed that, and they've identified that the legitimate interest is, first of all, protecting society from the commission of aggravated felonies, and secondly, ensuring a uniform application of that protection. And has Congress engaged in a rational basis to do that? They have done so by deporting aliens who have committed aggravated felonies in the past or will commit them in the future. Right, but when you change the definition of an aggravated felony, then you're putting a new disability on an old conviction. I think that's the argument that would be raised as to whether or not it might be impermissibly retroactive. Yes, but the … I think Becker comes pretty close to answering that question, but it seems to me in this instance that you really are putting a new disability on an old conviction. Don't you think? Well, unequivocally, yes, we would agree that it puts a new disability, but the Vartalis most recent Supreme Court announcement addressing retroactivity, the distinguishing factor in why this case is not like Vartalis is the 2001 conviction. In Vartalis, all of his offenses occurred prior to 1997, so you had retroactivity problems. You don't have retroactivity problems here. You do with respect to his 94-95 case, and he only had those two offenses. We wouldn't be here again today, but he has the 2001 offense, and the 2001 offense takes this out of the retroactive questions. We would submit in conclusion, so the 2001 offense precludes any problems that were addressed in Vartalis in terms of the retroactive application. So the question is, did Congress unambiguously state that it would apply retroactively? They did. The Supreme Court, in his address, so and so, we would say that that's not problematic. In summary, appreciating the distinction between these two offenses, the 95 offense that precludes relief in terms of a waiver under 212H and cancellation of removal, which are, by the way, discretionary, and he has absolutely no due process rights with regard to discretionary relief. And then secondly, the 2001 offense, which precludes any 212C relief. Is there any basis for any form of relief for him now, now that his wife is a U.S. citizen? We've scrubbed the case, and we see absolutely none, particularly in light of his repeated criminal offenses. That's what's problematic for a petitioner in this case. Thank you. Thank you, Counselor. The government does seem to answer your question, Your Honor, that there is potential other relief here. It's not in the brief, but there is the possibility of a pardon from the state governor for the Hawaii conviction. That's being looked at. Boy, you've got to go back to the 2001 aggravated felony. That's your big problem, isn't it? That's right. So you take care of the Hawaii conviction. You still have a hurdle, don't you? That's right, but we still would be able to qualify under 212C at that point because there would be no Hawaii conviction. Well, if you get the Hawaii conviction erased, that raises a new legal question, which we don't have before us today. All we can deal with is what there is on the record now, and assuming you don't do too well today, which seems like a fair assumption from the discussion we've been having, that doesn't foreclose whatever kind of relief there may be available to you in the future, and I'm not suggesting that there is. I know that there are serious questions about when a state changes its mind about a conviction or pardons or gives some kind of judicial relief for prior convictions, and I don't think we could express any opinion on that here, and I don't mean to suggest that you would have a meritorious or a valid case if you did that, but whether you do that is something that may lead to a further case sometime. So good luck in the future. Thank you, Your Honor. Thank you, Counsel. The case just argued will be submitted.
judges: Reinhardt, Thomas, Paez